UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA MARIA RIGOR, | No. 2:21-cv-2131 KJM DB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SANTA CLARA COUNTY PUBLIC DEFENDERS OFFICE, et al., | |
| Defendants. | |

Plaintiff Soraya Maria Rigor is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complains about two state court criminal convictions.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient and it appears that granting leave to amend would be futile. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's complaint be dismissed without leave to amend.

////

1

**I.       Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Complaint

Plaintiff's complaint is deficient in several respects. In this regard, the complaint alleges that plaintiff "discovered" plaintiff had been "wrongfully convicted and incarcerated" on two occasions, "once as a child of 17 . . . and in 2009[.]" (Compl. (ECF No. 1) at 5.) The complaint ask this court to "reverse the Sacramento County Superior Court's order and judgment, as well as the Santa Clara County Superior Court order and judgment that wrongfully convicts the plaintiff[.]" (Id. at 22-23.)

"[A] plaintiff may not use a civil rights action to challenge the validity of his conviction or continued incarceration." Najera v. Green, Case No. CV 18-7116 FMO (AFM), 2019 WL 1639747, at *6 (C.D. Cal. Apr. 15, 2019). Instead, the appropriate avenue for relief of a criminal conviction is habeas corpus. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement."" (citations omitted)); see also Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) ("[H]abeas corpus is the exclusive remedy to attack the legality of the conviction or sentence.").

Moreover, the complaint refers to plaintiff's "false arrest and/or gross negligence of counsel," resulting in the convictions. (Compl. (ECF No. 1) at 5). However, in Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a plaintiff may not prevail on § 1983 claim if doing so "would necessarily imply the invalidity" of plaintiff's conviction arising out of the same underlying facts as those at issue in the civil action "unless the

3

plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487.  Thus, "Heck says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'"  Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)).  "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence[.]"  Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Smithart, 79 F.3d at 951).

Here, plaintiff's convictions have not been invalidated as that is precisely the remedy plaintiff seeks in this action.  In this regard, plaintiff's claims are barred by Heck.  See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) ("Wrongful arrest, malicious prosecution, and a conspiracy among Los Angeles officials to bring false charges against Guerrero could not have occurred unless he were innocent of the crimes for which he was convicted."); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) ("finding there was no probable cause would 'necessarily imply' that Cabrera's conviction for disturbing the peace was invalid").

### III. Leave to Amend

For the reasons stated above, plaintiff's complaint should be dismissed.[1]  The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim over which the court would have jurisdiction and upon which relief could be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile

////

---

[1] The complaint does not allege that plaintiff is currently incarcerated.  Nor does the undersigned find it appropriate to convert plaintiff's complaint to a habeas petition.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997) (treating defective § 1983 claim as a habeas petition could prevent consideration of other habeas claims prisoner may have; best course is dismissal of the § 1983 claims without prejudice) (citing Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995)).

4

amendments). In light of the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiff leave to amend in this case.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's November 17, 2021 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's November 17, 2021 complaint (ECF No. 1) be dismissed without prejudice; and

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 15, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/rigor2131.ifp.den.f&rs